UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                                Criminal No. 06-65(1) DWF/AJB

           Plaintiff,

v.                                                       **REPORT AND RECOMMENDATION**

JOHN GREGORY PAYTON,

           Defendant.

    Chris S. Wilton, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

    Joseph Tamburino, Esq., for the defendant, John Gregory Payton.

    This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on April 7, 2006, at the U.S. Courthouse, 180 East Fifth St., St. Paul, MN 55101. Defendant John Gregory Payton has moved for dismissal of the matter based upon his contention that evidence was obtained through search warrants that were not issued on the basis of probable cause to support their issuance. The Motion to Dismiss [Docket No. 25] is being submitted to the District Court on Report and Recommendation.

    Based upon the file and documents contained therein, along with testimony and exhibits received at hearing, the Magistrate Judge makes the following:

**Findings**

    On December 9, 2005, Washington County District Court Judge Gregory G. Galler

issued a warrant to search a particularly described residential address in Forest Lake, Minnesota, including a detached secondary structure (Hearing Exh. No. 5). The location is further identified in the supporting affidavit as property that had been purchased by defendant John Payton. The application requests a search warrant to conduct thermal imagery of the address and surrounding neighborhood through use of an aircraft mounted heat imagery device. The search warrant identified the objects of the warrant as "[a]n excess amount of heat from the residence . . . . relative to comparable residences or structures in the same neighborhood." The warrant was issued on the basis of probable cause contained in the Affidavit of Washington County Sheriff's Deputy Rick Gruber, including surveillance information, evidence obtained by administrative subpoena issued to Xcel Energy, and report of a neighboring resident. The warrant authorized nighttime search based upon the issuing court's articulated determination that the optimal time for detecting heat loss from residences through thermal imaging is during nighttime hours.

      The search warrant was executed on December 11, 2005, at 12:32 a.m., by use of a Minnesota State Patrol helicopter equipped with a FLIR thermal imager. Thermal images were obtained and preserved on DVD (Hearing Exh. No. 9). The DVD material was examined by Colonel Mark A. Dunaski, Minnesota State Patrol Chief (Professional Biography, Hearing Exh. No. 8). Col. Dunaski determined that the images were inconclusive as to whether they indicated the presence of a marijuana growing operation in the structure, though the images were not inconsistent with heat loss resulting from such activities (Hearing Exh. No. 11). Col. Dunaski's inability to make conclusive determinations with respect to the probable existence of a marijuana growing operation was largely due to the unavailability of daylight photographs of the structure which could be examined for purposes of

evaluating whether reasonable alternative explanations for heat loss existed.

On January 5, 2006, Washington County District Court Judge Mary E. Hannon issued another warrant to search the same particularly described address in Forest Lake, Minnesota, including a detached secondary structure (Hearing Exh. No. 6). Again, the location is further identified in the supporting affidavit as property that had been purchased by defendant John Payton, and the application requests a search warrant to conduct thermal imagery of the address and surrounding neighborhood through use of an aircraft mounted heat imagery device. Like the previous warrant, the second search warrant identified the objects of the warrant as "[a]n excess amount of heat from the residence . . . . relative to comparable residences or structures in the same neighborhood," and was issued on the basis of probable cause contained in the Affidavit of Washington County Sheriff's Deputy Rick Gruber, including surveillance information, evidence obtained by administrative subpoena issued to Xcel Energy, and a neighbor's observations. The warrant application also included reference to the prior December 11, 2005, thermal imaging search and the results of the imaging analysis, and also contained evidence obtained by continued surveillance. The warrant authorized nighttime search based upon the issuing court's express determination that the optimal time for detecting heat loss from residences through thermal imaging is during nighttime hours.

The second thermal imaging search warrant was executed on January 5, 2006, at 10:22 p.m., by use of a Minnesota State Patrol helicopter equipped with a FLIR thermal imager. Thermal images were obtained and were again preserved on a DVD (Hearing Exh. No. 10) to be reviewed by Minnesota State Patrol Col. Dunaski. Col. Dunaski now determined that the images indicated significant heat loss from the residence; that the sources and intensity of heat loss was abnormal for the

3

type of structure; and that the observed heat loss was similar to the heat loss in structures containing indoor marijuana growing operations (Hearing Exh. No. 12). The analysis of the January 5, 2006, thermal imaging search results was conducted with the benefit of daylight photos of the house which revealed abnormal heat loss from a lower level area beneath a deck.

On January 6, 2006, Washington County District Court Judge Mary Hannon issued yet another warrant to search the same particularly described address in Forest Lake, Minnesota, including all curtilage, outbuildings and storage sheds, along with the person of John Gregory Payton (Hearing Exh. No. 7). This warrant application requested authority to enter the premises and to seize physical evidence. The search warrant identified the objects of the warrant as marijuana or other controlled substances; specified equipment used in the cultivation of marijuana plants; items used in the distribution and consumption of controlled substances; weapons, including firearms and ammunition; money and financial records evidencing drug transaction and marijuana cultivation; safes; electronic and communications devices; telephone and address books; records and items representing financial worth, assets, and valuables; and documents relating to occupancy. The warrant was issued on the basis of probable cause contained in the Affidavit of Washington County Sheriff's Deputy Rick Gruber, including the surveillance information and evidence obtained by administrative subpoena that was contained in the thermal imaging warrant applications, as well the thermal imaging analysis results of both prior searches, and reports from a neighborhood resident.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**<u>Conclusions</u>**

Evidence seized pursuant to search warrants issued December 9, 2005 (Hearing Exh.

No. 5), and January 5, 2006 (Hearing Exh. No. 6), each authorizing thermal imaging searches of the same particularly described location in Forest Lake, Minnesota, including a detached garage, was not unlawfully obtained in violation of the constitutional rights of defendant John Gregory Payton.  The search warrants were issued on the basis of sufficient probable cause evidence as stated in the separate Affidavits of Deputy Rick Gruber and as determined by Washington County District Court Judges Gregory G. Galler and Mary E. Hannon, respectively.  Each of the warrants properly and sufficiently identified the location to be searched and the object of the particular search.  The search warrants in this matter were lawfully issued and there is no requirement for suppression of evidence seized pursuant to either of the warrants.

Evidence seized pursuant to a warrant to enter and search the same particularly described address in Forest Lake, Minnesota, including all curtilage, outbuildings and storage sheds, along with the person of John Gregory Payton (Hearing Exh. No. 7), was not unlawfully obtained in violation of the constitutional rights of defendant John Payton.  The residence search warrant was issued on January 6, 2006, and was based upon sufficient probable cause as stated in the Affidavit of Deputy Rick Gruber and as determined by Washington County District Court Judge Mary E. Hannon.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  The search warrant was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

Defendant asserts that probable cause did not exist to support issuance of either the thermal imaging search warrants or the physical entry search warrant and that the indictment should

5

therefore be dismissed.[1]  It is defendant's contention that the purchase of various items that were associated with marijuana growing was essentially innocuous and there is no inherent connection between the items and criminal activity; evidence of defendant's criminal history is stale; the affidavit contains no explanation as to why the pattern of visits to the property was unusual or indicative of criminal activity; and officers failed to account for alternative legitimate explanations for high energy consumption.  Specifically, defendant contends that high energy use could be associated with legitimate building construction activity or a holiday lighting business operated by the defendant and which officers should have been aware.  Defendant also argues that the search warrants cannot be saved by the good faith exception to the exclusionary rule because the underlying affidavits were so inadequate that any official belief in the existence of probable cause was unreasonable and the warrants were so facially deficient that the executing officer could not reasonably presume their validity.  United States v. Leon, 468 U.S. 897, 923 (1984).  To the contrary, however, the court determines that under the totality of circumstances there was sufficient evidence to establish probable cause to support issuance of each of the warrants.  While it is true that the individual evidentiary observations, i.e. purchases of equipment used for indoor growing and unusual traffic patterns, viewed separately and out of context, would not likely be found to constitute evidence of criminal activity, the observations considered in their totality do establish probable cause when substantially higher energy consumption occurs in relation to a period of time in which the property appeared to be unoccupied.  There was sufficient evidence to establish

---

[1] The government correctly notes that this motion should probably be one for suppression of evidence obtained by search and seizure rather than motion for dismissal.  In light of the magistrate judge's findings and conclusions with respect to suppression of evidence, neither suppression nor dismissal are recommended in any event.

probable cause for the first thermal imaging warrant. With respect to the second thermal imaging warrant there was additional evidence of heavy energy consumption while the residence remained uninhabited and the inconclusive results of the first search did not diminish probable cause under the circumstances in this case. Finally, there was ample probable cause for issuance of the entry warrant, particularly in light of additional evidence obtained by execution of the second thermal imaging warrant.

In addition, the court finds no justification for declining to apply the Leon good faith exception in this instance. Evidence was presented to the issuing judges in a truthful and straightforward manner and without any apparent intent to deceive and without recklessness in the gathering of evidence or the presentation of the evidence to the issuing judge. The inferences which the affiant conveyed with respect to high energy use during periods of unoccupancy, along with observed purchases of equipment and items commonly used in the indoor cultivation of marijuana, were properly construed as reasonable inferences to be made by both the issuing judges and the executing officers. The possible existence of alternative innocent explanations does not negate probable cause or preclude application of good faith. United States v. Simpkins, 914 F.2d 1054, 1058(8th Cir. 1990)(citing United States v. Fama, 752 F.2d 834, 838 (2nd Cir. 1985)).

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that defendant John Gregory Payton's Motion to

Dismiss be **denied**  [Docket No. 25].


Dated:     April 12, 2006    

                                                s/ Arthur J. Boylan    
                                                Arthur J. Boylan  
                                                United States Magistrate Judge


      Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before April 26, 2006.

      Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.